**Marcela Garcia FRANCISCO,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

Nos. 00–71105, 01–70240.
I & NS No. A41–174–606.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided March 19, 2002.

* The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Marcela Francisco petitions for review of a decision of the Board of Immigration Appeals affirming her orders of deportation. She also seeks review of the Board's denial of her motion to reopen and its refusal to exercise its authority to reopen *sua sponte.* We deny the petitions in all respects.[1]

Francisco argues that she was not afforded effective assistance of counsel. Therefore, she claims, she is entitled to a new hearing on her deportability. She fails, however, to explain to this court what evidence she would present on remand to support possible granted relief from deportation. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999). Substantial evidence supported the finding of the Immigration Judge that Francisco's explanation of her certificate of earlier marriage was incredible. Francisco now simply maintains, without specifics, that she might be able to demonstrate a valid claim if her case were remanded. *See id.* Absent any showing of evidence that Francisco is eligible for relief from deportation, we must presume that there is no such evidence and that, therefore, she has not been prejudiced by counsel's performance. *Id.* We therefore affirm the Board's decision upholding Francisco's deportation order.

Francisco also appeals the Board's denial of her motion to reopen, filed after

1. We deny Francisco's motion to stay proceedings in this court pending completion of proceedings against her former counsel by the Washington State Bar Association.

Francisco obtained new counsel. We review such denials for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The Board's order rejecting Francisco's motion due to procedural defects informed her that she could refile within 15 days. She did not refile until 36 days later. The Board did not abuse its discretion by denying the late motion to reopen. In any event, as the Board noted, Francisco has shown no prejudice arising from the tardy filing because of her insufficient showing on the merits of her claims, which we have already discussed.

Finally, Francisco attempts to appeal the Board's refusal to exercise its authority to reopen the proceedings *sua sponte.* The Board has authority to reopen proceedings on its own motion in exceptional circumstances. *In re J–J–,* 21 I. & N. Dec. 976, 984 (1997); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc) (recognizing holding in *In re J–J–*). We need not address the very considerable procedural hurdles to our review raised by the government, because Francisco presented neither a sufficient showing on the merits of her case to establish prejudice nor exceptional circumstances to trigger the Board's *sua sponte* authority.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.